**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

PEDRO GONZALEZ BARRIOS,
A # 240-394-200,

      Petitioner,

v.                                    **Case No. 4:26-cv-198-MCR-MAF**

TODD BLANCHE, et al.,

      Respondents.

_____/

## ORDER GRANTING HABEAS PETITION

Petitioner Pedro Gonzalez Barrios, *pro se*, has filed a Habeas Petition pursuant to 28 U.S.C. § 2241, asserting that he is being wrongfully detained under the Immigration and Nationality Act ("INA") without the opportunity for a bond hearing. *See* ECF No. 10 (Amended Petition). He also filed an emergency motion for temporary restraining order and preliminary injunction to stay removal proceedings during the pendency of his case. ECF No. 3. The matter is fully briefed. *See* ECF Nos. 13, 14. For the reasons stated, the Amended Petition is granted, and the emergency motion is moot.

### I.    Background

Gonzalez Barrios is a citizen and national of Mexico who alleges he "entered the United States in 2004 across the Texas border without inspection." *Id.* at 6. He has lived in the United States ever since and is married to a United States citizen,

with whom he shares two children, who are also United States citizens.  He has no criminal convictions, no pending criminal charges, and has not previously been deported or been the subject of a final order of removal.

Gonzalez Barrios has been in immigration detention since March 24, 2026, when he was taken into custody by the Florida Highway Patrol after a traffic stop in Panama City, Florida.  He was not charged or cited for any criminal offenses or traffic violations but believes he was stopped because he "appeared to be Hispanic." ECF No. 10 at 8.  On discovery of his immigration status, Gonzalez Barrios was detained pending removal proceedings and transported to the Liberty County Jail in Bristol, Florida, where he has remained without the benefit of a bond hearing before an immigration judge.

Gonzalez Barrios argues that his current detention by immigration officials without an individualized bond hearing violates his Due Process rights under the United States Constitution and the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(a)(2).  The Government opposes relief, arguing that Gonzalez Barrios has failed to exhaust his administrative remedies and that he is subject to mandatory detention under the INA.

## II.   Discussion

Under Section 1226(a)(2), a noncitizen already present in the United States "may be arrested and detained pending a decision on whether the alien is to be

removed from the United States," and such an individual may be released on bond. 8 U.S.C. § 1226(a)(2); *see also Pereira v. Bondi*, No. 1:25-cv-26037-GAYLES, 2026 WL 709758, at *3 (S.D. Fla. Mar. 13, 2026); *Garcia v. Bondi*, No. 2:25-cv-01158-SPC-NPM, 2025 WL 3703640, at *1 (M.D. Fla. Dec. 22, 2025) (noting "aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge").  By contrast, a noncitizen who "has not been admitted or who arrives in the United States" is considered an "applicant for admission" under 8 U.S.C. § 1225(a)(1) and subject to mandatory detention under § 1225(b).

The Eleventh Circuit has recently concluded "that no-bond detention generally applies to arriving aliens seeking lawful entry to the country, and not to aliens who are simply present here." *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, --- F.4th ---, 2026 WL 1243395, at *1 (11th Cir. May 6, 2026). The court recognized that the petitioners in *Hernandez Alvarez* "were not applying for entry in any literal sense when they were detained following a traffic stop, nor were they taking any cognizable step to obtain the rights and privileges of lawful entry.  They were only present in the country." *Id.* at *8.  Hewing close to the plain language of § 1225, the court rejected the Government's argument that mere presence transforms a noncitizen into one who is seeking admission and subject to mandatory detention. *Id.*  Instead, the court concluded, §1225, with its mandatory detention provision, governs "arriving aliens," whereas § 1226, which provides for

Case No. 4:26-cv-198-MCR-MAF

discretionary detention pending removal proceedings "subject to the bond and conditional parole provisions," governs aliens who are merely present and whom "DHS seeks to remove from the interior."[1]  *Id.* at 15.

The facts of this case show that Gonzalez Barrios is "simply present here," within the meaning of § 1226(a)(1), and thus he is entitled to a bond hearing before an immigration judge under *Hernandez Alvarez.*  While the Government acknowledges that *Hernandez Alvarez* "appears" to control, it nonetheless urges the undersigned to follow the "better reasoning" of the dissenting opinion and two contrary opinions from the Fifth and Eighth Circuits to conclude that detention should be mandatory.[2]  The undersigned must decline this invitation and instead apply the rule set out in the published opinion of *Hernandez Alvarez*, which is binding on this Court.[3]

---

[1] The Eleventh Circuit's holding is also consistent with three other circuits.  *See Lopez-Campos v. Raycraft*, No. 25-1965, 2026 WL 1283891, at *3 (6th Cir. May 11, 2026) (joining the Second and Eleventh Circuits); *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, No. 25-3050, 2026 WL 1223250, at *13 (7th Cir. May 5, 2026) (holding that "§ 1225(b)(2)(A)'s text leads to the conclusion that the provision applies not to all 'applicants for admission' en masse but only to those 'applicants for admission' who are actively 'seeking' lawful admission"); *Barbosa da Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044, at *23 (2d Cir. Apr. 28, 2026) (concluding that "Petitioner's detention is governed by Section 1226(a), not Section 1225(b)(2)(A)").

[2] The Government cites *Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026) (finding "the district court erred in holding that the Government could not detain Avila without bond under § 1225(b)(2)(A) and in granting habeas relief on that basis"); and *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 506 (5th Cir. 2026) (holding that § 1225 applies to aliens who entered the United States in 2009 without admission").

[3] A published opinion "is the law in this circuit unless and until it is reversed, overruled, vacated, or otherwise modified by the Supreme Court of the United States or by [the Eleventh Circuit] sitting en banc."  *Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992).  As of May 13, 2026,

The Court summarily rejects the Government's argument that the Amended Petition should be denied for the failure to exhaust administrative remedies. In this instance, where the Government maintains that Gonzales Barrios is properly detained under § 1225(b) (mandatory detention) and urges the undersigned to ignore Eleventh Circuit precedent in favor of a dissenting view and contrary opinions held by other circuits, it is clear exhaustion would be futile. *See Mejia v. Lyons*, No. 0:26-60258-CIV, 2026 WL 914753, at *2 (S.D. Fla. Apr. 3, 2026) ("exhaustion is not required where no genuine opportunity for adequate relief exists or an administrative appeal would be futile") (internal quotations omitted, alteration accepted); *Ramos v. Warden*, No. 2:26-cv-32-JES-DNF, 2026 WL 195200, at *1 (M.D. Fla. Jan. 26, 2026); *Cetino v. Hardin*, No. 2:25-cv-1037- JES-DNF, 2025 WL 3558138, at *2 (M.D. Fla. Dec. 12, 2025) ("requiring [petitioner] to make an administrative request for a bond hearing would be futile because the result is predetermined"). The Court will not require Gonzalez Barrios to exhaust a non-existent and futile remedy.

Because the Court grants the Amended Petition, there is no need to separately rule on the emergency motion for temporary restraining order and preliminary

---

the issuance of the mandate was withheld in *Hernandez Alvarez, see* Case No. 25-14065, ECF No. 76 (11th Cir. May 13, 2026), but this does not alter the opinion's impact as binding precedent. *See Martin,* 965 F.2d at 945 n.1 (a stay of the mandate "in no way affects the duty of . . . the courts in this circuit to apply now the precedent established by" the published opinion "as binding authority"); *see also* 11th Cir. IOP—Cir. R. 36.2 ("Under the law of this circuit, published opinions are binding precedent. The issuance or non-issuance of the mandate does not affect this result.").

injunction, which is moot.

Accordingly, it is **ORDERED:**

1.     The Amended Petition for writ of habeas corpus, ECF No. 10, is **GRANTED,** and the emergency motion, ECF No. 3, is **DENIED as moot**.

2.     Respondents must either provide Petitioner Pedro Gonzalez Barrios with an individualized bond hearing pursuant to § 1226(a) before an Immigration Judge within seven (7) days or, in the alternative, release him.

3.     The Clerk is directed to close the file.

**DONE AND ORDERED** this 22nd day of May 2026.


*M. Casey Rodgers*
_____

**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**